# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>SUNNY ANN MARTINEK,<br><br>    Defendant. | Case No. MJ-14-026-RAW |

## ORDER & OPINION

Before the court is Defendant Martinek's appeal of the United States Magistrate Judge's pretrial detention order pursuant to 18 U.S.C. § 3145 [Docket No. 134]. The court held a hearing on May 14, 2014. At the hearing, the court heard oral argument from both Defendant's counsel and the Government. The court also heard testimony from Defendant's mother, Diane Martinek, and Special Agent Matthew Wyckoff. Additionally, the court has reviewed the evidence offered at the detention hearing held on April 18, 2014.

If the court finds that "no condition or combination of conditions will reasonably assure the appearance of [Defendant Martinek] as required and the safety of any other person and the community," the court must order her detention pending trial. 18 U.S.C. § 3142(e). Title 18, section 3142(e)(3) provides in pertinent part:

> Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed– (A) an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.) . . . .

As the Tenth Circuit has pointed out, "the Senate Committee on the Judiciary explained at length the concept of pretrial detention as provided under § 3142(e). The concern about safety is to be given a broader construction than the mere danger of physical violence." United States v. Cook, 880 F.2d 1158, 1161 (10th Cir. 1989). "[T]he risk that a defendant will continue to engage in drug trafficking constitutes a danger to the 'safety of any other person or the community.'" Id.

Since the § 3142(e)(3)(A) presumption has been invoked, the Defendant carries a burden of production. United States v. Stricklin, 932 F.2d 1353, 1354 (10th Cir. 1991). The burden of persuasion regarding flight risk and danger to the community, however, remains with the Government. Id. at 1354-55. The Defendant's burden is not heavy, she must only produce some evidence. Id. at 1355. Even if the Defendant has met her burden, however, "the presumption remains a factor for consideration by the district court in determining whether to release or detain." Id.

Defendant's mother testified that if Defendant is released pending trial she will provide Defendant with a place to live, make sure she is able to attend court hearings and keep an eye on her. She also testified that Defendant has some health issues. Defendant was living with her mother and likely had these health issues when she allegedly committed the acts that brought about the Complaint in this case. Given the nature and circumstances of the offense charged, the weight of the evidence against her, and the history and characteristics of the Defendant, it is likely that if released, she would continue to engage in such activity and be a danger to the community.

Having considered all of the arguments and evidence noted above and the factors set forth in § 3142(g) *de novo*,* the court finds that no condition or combination of conditions will reasonably assure the safety of any other person and the community. Accordingly, Defendant Martinek's appeal of the pretrial detention order [Docket No. 134] is DENIED.

It is so ORDERED this 20th day of May, 2014.

**Dated this 20th day of May, 2014.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma

---

*"The standard of review for the district court's review of a magistrate judge's detention or release order under §3145(a) is *de novo*." United States v. Cisneros, 328 F.3d 610, 616 n.1 (10th Cir. 2003).